STATE OF LOUISIANA        *       NO. 2025-K-0090

VERSUS        *       COURT OF APPEAL

MICHAEL R. FORD        *       FOURTH CIRCUIT

       *       STATE OF LOUISIANA

       *

       *

* * * * * * *

**LEDET, J., DISSENTS WITH REASONS**

I would deny the State's writ application. The officer, at best, had grounds to issue a municipal citation to Defendant for illegally riding his bicycle on a city sidewalk. The issuance of such a citation, however, does not allow for a search; a citation is not an arrest.

Although Defendant dropped his "Kangaroo pouch" to the ground, it is undisputed that the Kangaroo pouch, at all pertinent times, remained within Defendant's dominion and control. The officer's warrantless search of the Kangaroo pouch, thus, was improper.

Finally, contrary to the State's statement in a footnote in its writ application,[1] the officer's testimony at the hearing did not establish that the butt of the gun was in plain view—hanging out of the unzipped Kangaroo pouch. The officer was asked to describe the condition of the Kangaroo pouch when he picked it up. The officer replied that it was "dirty and opened." The officer was then asked what he saw from the back, because the pouch was opened;  he replied that he could "see the handle of a firearm." On cross-examination, the officer further testified that he was not the one who initially picked up the Kangaroo pouch.

_____

[1] Footnote 13 of the State's writ states: "[a]dditionally, the bag was open and a portion of the firearm was in plain view."

Rather, the officer testified that "[m]y Lieutenant picked it up and handed it to me." At the close of the hearing, the State argued that "[u]pon grabbing the Kangaroo pouch it was already opened and upon seeing the butt of the gun outside of the Kangaroo pouch." At that point, defense counsel objected that the officer "did not say the butt of the gun was hanging outside the Kangaroo pouch." The district court replied "I know what I heard." Again, based on the officer's testimony, I cannot conclude that the butt of the gun was in plain view so as to justify a warrantless search of the Kangaroo pouch.

For these reasons, I would deny the State's writ. Accordingly, I respectfully dissent.